UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CALIHAN,<br><br>    Plaintiff,<br><br>vs.<br><br>D. CROUNSE, et al.,<br><br>    Defendants. | 1:17-cv-00139-DAD-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8 AND FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I. BACKGROUND**

Kenny Calihan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On February 1, 2017, Plaintiff filed the original Complaint, which is now before the court for screening. (ECF No. 1.)

**II. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at North Kern State Prison in Delano, California. The events at issue in the Complaint allegedly occurred at the California Correctional Institution in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Lieutenant D. Crounse, Sergeant H. Huebner, and Sergeant T. Clayton (collectively, "Defendants").

Plaintiff indicates in the Complaint that he seeks to bring claims for violation of his rights to equal protection and due process. (ECF No. 1 at 3.) Plaintiff's allegations follow, in their entirety:

> Plaintiff will submit the Second Level appeal reply that was partially granted by the Facility Chief Deputy Warden, attached as Exhibit A, as his supporting facts on this civil action filed with the court. Plaintiff will also submit Exhibit B, as his supporting facts on this civil action filed with the court, as 8 due process violations were approved by Facility Chief Disciplinary Officer E. Yett, dated on 01-18-2017. End.

Plaintiff seeks monetary damages and court-appointed counsel.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

///

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**Rule 8(a) of the Federal Rules of Civil Procedure**

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P.

8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claims is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's Complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff fails to allege what each of the named Defendants did to violate Plaintiff's rights. Plaintiff cannot simply refer the court to the exhibits attached to his Complaint. It is not the duty of the court to look through Plaintiff's exhibits to determine whether or not he has cognizable claims. Rather, the court looks to the factual allegations contained in Plaintiff's Complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983. Here, Plaintiff has not made any allegations in the Complaint and therefore fails to state any claims. Plaintiff's Complaint shall be dismissed for violation of Rule 8(a) and for failure to state a claim, with leave to file an amended complaint. In the paragraphs that follow, the court shall set forth legal standards for the claims it appears Plaintiff wishes to bring. Plaintiff should review the standards before preparing the First Amended Complaint.

## V. DUE PROCESS – DISCIPLINARY PROCEEDING

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due

Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. <u>Id.</u> at 563-71. As long as the five minimum <u>Wolff</u> requirements are met, due process has been satisfied. <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994). "Some evidence" must support the decision of the hearing officer. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." <u>Id.</u> at 455-56 (emphasis added).

## VI. EQUAL PROTECTION – DISCRIMINATION

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne, Tex. v. Cleburne Living Center</u>, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, <u>Comm. Concerning Cmty. Improvement v. City of Modesto</u>, 583 F.3d 690, 702-03 (9th Cir. 2009); <u>Serrano v. Francis</u>, 345 F.3d 1071,1082 (9th

Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

### VII. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. By this order, the court has screened the Complaint as required under 28 U.S.C. 1915, and the court finds no cognizable claims in Plaintiff's Complaint. Therefore, Plaintiff's request for counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### VIII. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint violates Rule 8 and fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the Complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by his or her actions. Id. at 676-77 (emphasis added). Plaintiff should not include legal citations or evidentiary matter. Exhibits are permissible, Fed. R. Civ. P. 10(c), but they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Furthermore, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, February 1, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is DISMISSED for violation of Rule 8 and for failure to state a claim, with leave to amend;
2. Plaintiff's request for appointment of counsel is DENIED, without prejudice;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
5. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00139-DAD-GSA-PC; and
6. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 25, 2017**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE